# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.T. PRODUCE, INC. d/b/a FAMILY TREE PRODUCE,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AGWA, INC. d/b/a NORTH PARK PRODUCE CHULA VISTA; JAMIL A. NEHME; SHELDEN J. NEHME; BRENDA J. NEHME; ROSETTE J. SOWELL,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 11-CV-102 JLS (WVG)<br><br>**ORDER: DENYING APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 4) |

　　　On January 18, 2011, Plaintiff F.T. Produce, Inc. filed this action to enforce payment under the Perishable Agricultural Commodities Act's (PACA) trust provisions, 7 U.S.C. §§ 499a–499t. (Doc. No. 1.) One day later, Plaintiff filed an ex parte application for a temporary restraining order without notice and for a preliminary injunction hearing. (Doc. No. 4.) On January 21, 2011, the Court granted Plaintiff's application, entered a temporary restraining order, and set a hearing to show cause why a preliminary injunction should not be entered. (Doc. No. 6 (TRO Order).) On January 28, 2011, Defendants Agwa, Inc., Jamil A. Nehme, Shelden J. Nehme, Brenda J. Nehme, and Rosette J. Sowell filed an opposition to the imposition of a preliminary injunction (Doc. Nos. 12, 13), and on January 31, 2011, Plaintiff replied (Doc. No. 15).

　　　The Court held a show-cause hearing on February 1, 2011. (Doc. No. 16.) James Lewin

appeared for Plaintiff, and Ben-Thomas Hamilton appeared for Defendants.  Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's application for a preliminary injunction.

The Court's Order granting Plaintiff's ex parte motion for a TRO fully set forth the legal standard for granting a preliminary injunction. (TRO Order 2.) In summary, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).

At this juncture, the Court finds that Plaintiff has failed to establish that it is likely to suffer irreparable harm in the absence of preliminary relief. Defendants currently have possession of $66,425.33 in PACA trust assets, which are due and owing to Plaintiff. (TRO Order 4.) And this amount is past due even if the parties agreed to a thirty-day payment term, as Defendants contend. (*See* Doc. No. 12-2 (Nehme Decl.) ¶ 6; Doc. No. 12-3 (Sowell Decl.) ¶ 5; Doc. No. 15-1 (Guzman Decl.) ¶ 4 (stating that sales took place "between November 6, 2010 and December 18, 2010") .)

However, Defendants are currently repaying Plaintiff at a rate of "approximately $1,300.00 per week." (Nehme Decl. ¶ 15.) Plaintiff has made no evidentiary showing that these payments will cease in the absence of a preliminary injunction, nor has Plaintiff shown that its business will be harmed without immediate payment. And although Defendants have effectively admitted that they are currently using trust assets to pay other suppliers (*see id.* ¶¶ 16–17), Plaintiff has not demonstrated that Defendants are in such dire financial straits that these acts could prejudice Plaintiff's ability to recover the full $66,425.33, *see* 7 C.F.R. § 46.46(a)(2) (defining "dissipation"). *Cf. Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc.*, 2008 WL 1885738, at *2–3 (N.D. Cal. Apr. 24, 2008) (granting preliminary injunction on showing that defendants were dissipating trust funds and were in a "precarious financial position").

//
//
//
//

For the reasons stated, Plaintiff's application for a preliminary injunction is **DENIED WITHOUT PREJUDICE**, and the TRO entered on January 21, 2011 is **HEREBY DISSOLVED**.

**IT IS SO ORDERED.**

DATED: February 2, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge